[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #7 (CLAIMS OF PLAINTIFF MORLEY)
In this motion, Levy Droney, P. C. ("Levy") and Joseph Vitale move for summary judgment on the claims made by plaintiff Thomas Morley, whom they describe as "a plaintiff in this lawsuit on behalf of his mother, Marion Morley," in Counts 20, 36, 37, 49, 75, 76, 91 and 108 of the Amended Revised Complaint. Marion Morley is alleged to have entered into a residence agreement with East Hill Woods on June 17, 1993. The movants have not addressed the status of Thomas Morley, nor have they contested his standing to bring claims arising from his mother's residence at East Hill Woods. Documents submitted in support of the motion indicate that CT Page 12888 he assisted his mother at the time she signed her agreement and that he signed the receipt for the disclosure statement provided by East Hill Woods at the time of his mother's signing the contract.
Standard of review and procedural history
The court adopts the statement of the standard of review and the explanation of the procedural history of the case set forth in its ruling on Levy's and Vitale's Motion for Summary Judgment #1.
Prior Dispositions
Summary judgment has previously been granted as follows, in favor of Levy and in favor of Vitale as legal counsel to East Hill Woods, but not as an officer and trustee of East Hill Woods:
Count 20 (Ruling on Motion for Summary Judgment #2)
 Count 36 (Ruling on Notion for Summary Judgment #3) (execution claims only)
Count 49 (Ruling on Motion for Summary Judgment #1)
Count 75 (Ruling on Motion for Summary Judgment #1)
Count 76 (Ruling on Motion for Summary Judgment #1)
 Count 91 (Ruling on Motion for Summary Judgment #4) (execution claims only)
 Count 108 (Ruling on Motion for Summary Judgment #4) (execution claims only)
None of the prior motions for summary judgment was directed at this plaintiff's claims in Count 37. Motion for Summary Judgment #13, which challenged this claim on res judicata grounds, was denied.
Vitale's claim of lack of reliance
Vitale claims that summary judgment should be granted in his favor in his capacity as officer and trustee on the remaining CT Page 12889 counts against him because Dr. Morley and his mother did not rely on the 1992 disclosure in connection with execution of her contract. The court finds that Dr. Morley's responses at his deposition support an inference of reliance. He testified to the effect that he "felt comfortable" advising his mother to sign the contract because of the "totality" of the 1992 disclosure statement which "looked like it had been professionally and well done." (Dep. Tr. p. 93.) He also stated that "none of the numbers in there made me question it enough to think that I should change my mind or that there was anything to be concerned about." (Dep. Tr. p. 109)
Material facts on the issue of reliance/causation are at least in dispute, and the motion for summary judgment as to this plaintiff's claim in the counts against Vitale in his officer and trustee capacity is denied.
Counts 91 and 108 (Aiding and abetting misrepresentation)
The movants challenge this plaintiff's claims in these counts on the additional ground that Dr. Morley had no knowledge of any assistance the movants rendered to East Hill Woods in connection with the 1992 disclosure. The movants do not establish what the facts are concerning their involvement merely by showing that a single deponent lacks knowledge, unless that deponent is the only person who could have the requisite knowledge. It is the movants' burden to establish what the facts are and that those facts entitle them to summary judgment as a matter of law. There is no requirement that a plaintiff personally have knowledge of all the facts necessary to prove his claim. The motion is denied on this ground.
Count 49 (Breach of fiduciary duty)
This court granted summary judgment in favor of Levy and in favor of Vitale in his capacity as legal counsel for East Hill Woods as to this plaintiff's claims in this count in ruling on Motion for Summary Judgment #1; therefore, the present motion addressed to that claim is moot as to the claims against the movants in their legal counselor capacity.
Vitale has not briefed the issue of the extent of duties of an officer and trustee of a continuing care provider toward those who become residents, nor has he demonstrated an absence of a genuine dispute as to the material facts concerning his CT Page 12890 activities in those capacities. The motion is denied with regard to Vitale in his capacity as officer and trustee.
Count 37
The movants have not challenged plaintiff Morley's claims in this count in Motions for Summary Judgment #1 through #6. In this motion, they assert as their grounds that Morley cannot prove reliance on any misrepresentations and that the movants did not provide any substantial assistance to East Hill Woods in connection with the alleged misrepresentations.
In this count, plaintiff Morley is listed as one of the plaintiffs who alleges injury arising from alleged misrepresentations in the July 1993 disclosure. Since this plaintiff signed her contract in June 1993, and has alleged in other counts reliance on the 1992 disclosure statement, the court cannot determine whether Morley was erroneously listed as a plaintiff in Count 37 or whether her inclusion in that count constitutes an allegation that she was subjected to post-execution misrepresentations. Assuming the latter to be the allegation, the movants have not shown what the facts are with regard to this claim. Marion Morley signed the residence agreement. While her son did not recall at his deposition that he had received any disclosure statements post-execution, the movants have not shown what the facts are with regard to Marion Morley. The submissions do not establish whether Marion Morley ever inspected financial documents on her own or whether she had people other than her son do so on her behalf. The movants have not filed materials from which the court could find what their involvement was in the formulation of the disclosures at issue.
The movants have failed to discharge their burden of showing what the facts are and that the facts entitle them to summary judgment as a matter of law on this claim.
Counts 36, 91, 108 (post execution)
While summary judgment has entered on the execution claims against Levy and against Vitale as legal counsel, the analysis set forth above as to Count 37 applies to the post-execution claims in these counts. The movants have not demonstrated what the facts are and that they are entitled to judgment as a matter of law on those facts. CT Page 12891
Conclusion
Summary judgment has previously been granted on this plaintiff's claims against Levy and against Vitale as legal counsel in Counts 20, 36 (execution claims only) 49, 75, 76, 91 (execution claims only) and 108 (execution claims only.) The present motion addressed to those counts is denied as to the plaintiff's claims against Vitale as an officer and trustee.
The motion is denied as to Count 37, and as to the claims based on post-execution misrepresentations in Counts 36, 91 and 108 on the grounds raised in this motion.
Beverly J. Hodgson Judge of the Superior Court